

EXHIBIT
A

CT Corporation

**Service of Process Transmittal**
09/24/2013
CT Log Number 523562258

**TO:** Nancy Lundeen
Northland Group Inc.
7831 Glenroy Road, Suite 350
Edina, MN 55439-3133

Megan Lachi
93530143. R0202

**RE:** **Process Served in California**

**FOR:** Northland Group Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Megan Lachi, Pltf. vs. GE Capital Bank, et al. including Northland Group Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Notice(s), ADR Packets, Cover Sheet, Instructions, Complaint, Exhibit(s), Attachment(s) |
| **COURT/AGENCY:** | San Diego County - Superior Court - Vista, CA<br>Case # 37201300066961CUMCNC |
| **NATURE OF ACTION:** | Violation of the Fair Debt Collection Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/24/2013 at 15:20 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Deadline: Within 30 days after service (See documents for additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Karen S. Spicker<br>Doan Law Firm, LLP<br>2850 Pio Pico Drive<br>Suite D<br>Carlsbad, CA 92008<br>760-450-3333 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 796763236749<br>Email Notification, Nancy Lundeen nlundeen@northlandgroup.com<br>Email Notification, Valerie Bartosh vbartosh@northlandgroup.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

RECEIVED
SEP 26 2013
BY:

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

09/24/13 e 320

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

SEP 16 2013

CLERK SUPERIOR COURT
SAN DIEGO COUNTY CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

GE CAPITAL BANK, and DOES 1 through 10 inclusive
Northland Group Inc.; CACH LLC; Encore Receivable Management Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

MEGAN LACHI

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court, North County Division
325 S. Melrose, Vista, CA 92081

CASE NUMBER: *(Número del Caso):* 37-2013-00066961-CU-MC-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Karen S. Spicker, Esq. SBN 127934 Doan Law Firm, LLP, 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008

DATE: *(Fecha)* September 16, 2013 — Clerk, by *(Secretario)* M. HACKETT, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Northland Group Inc.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 09/24/13

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S Melrose DRIVE
MAILING ADDRESS: 325 S Melrose DRIVE
CITY AND ZIP CODE: Vista, CA 92081-6695
BRANCH NAME: North County
TELEPHONE NUMBER: (760) 201-8026

PLAINTIFF(S) / PETITIONER(S): Megan Lachi

DEFENDANT(S) / RESPONDENT(S): GE Capital Bank et.al.

LACHI VS. GE CAPITAL BANK

**NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE**

CASE NUMBER: 37-2013-00066961-CU-MC-NC

**CASE ASSIGNMENT**

Judge: Earl H. Maas, III

Department: N-28

**COMPLAINT/PETITION FILED:** 9-13-13 mc

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
| --- | --- | --- | --- | --- |
| Civil Case Management Conference | 04/11/2014 | 10:00 am | N-28 | Earl H. Maas, III |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

# Superior Court of California
# County of San Diego

# NOTICE OF ASSIGNMENT
# TO IMAGING DEPARTMENT

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

## Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2013-00066961-CU-MC-NC CASE TITLE: Lachi vs. GE Capital Bank

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**

- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**

- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |
| PLAINTIFF(S): Megan Lachi | |
| DEFENDANT(S): GE Capital Bank et.al. | |
| SHORT TITLE: LACHI VS. GE CAPITAL BANK | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2013-00066961-CU-MC-NC |

Judge: Earl H. Maas, III

Department: N-28

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)

☐ Mediation (private)

☐ Voluntary settlement conference (private)

☐ Neutral evaluation (private)

☐ Non-binding private arbitration

☐ Binding private arbitration

☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ______

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ______

Alternate neutral (for court Civil Mediation Program and arbitration only): ______

Date: ______

Date: ______

Name of Plaintiff

Signature

Name of Plaintiff's Attorney

Signature

Name of Defendant

Signature

Name of Defendant's Attorney

Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

JUDGE OF THE SUPERIOR COURT

Dated: 09/16/2013

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Karen S. Spicker, Esq. SBN 127934
Doan Law Firm, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008
TELEPHONE NO.: (760) 450-3333 FAX NO.: (760) 720-6082
ATTORNEY FOR (Name): Megan Lachi

FOR COURT USE ONLY

FILED
NORTH COUNTY DIVISION
2013 SEP 13 PM 4: 19
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 S. Melrose
MAILING ADDRESS: 325 S. Melrose
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

CASE NAME:
Lachi v. GE Capital Bank, et al.

## CIVIL CASE COVER SHEET

☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2013-00066961-CU-MC-NC
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*: 6
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 12, 2013
Karen S. Spicker, Esq
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

FILED
NORTH COUNTY DIVISION
2013 SEP 13 PM 4:19
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Karen S. Spicker, SBN 127934
Doan Law Firm, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008
Phone (760) 450-3333 • Fax (760) 720-6082
karen@doanlaw.com

Attorney for PLAINTIFF
MEGAN LACHI

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO—NORTH COUNTY JUDICIAL DISTRICT**

| | |
|---|---|
| MEGAN LACHI,<br><br>Plaintiff,<br><br>vs.<br><br>GE CAPITAL BANK. NORTHLAND GROUP INC. CACH. LLC. ENCORE RECEIVABLE MANAGEMENT, INC. and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No. 37-2013-00066961-CU-MC-NC<br><br>**COMPLAINT SEEKING MONETARY DAMAGES, STATUTORY DAMAGES, INJUNCTIVE RELIEF; AND DECLARATORY RELIEF, FOR:**<br>**1) VIOLATION OF CAL. CIV. CODE §1788.17, (under 15 U.S.C. §1692c(a)(2));**<br>**2) VIOLATION OF CAL. CIV. CODE §1788.17, (under 15 U.S.C. §1692c(c));**<br>**3) VIOLATION OF CAL. CIV. CODE §1788.17 (under 15 U.S.C. §1692e(10))**<br>**4) VIOLATION OF CAL. CIV. CODE §1788.14(c);**<br>**5) NEGLIGENT VIOLATION OF 47 U.S.C. §227 ET SEQ.;**<br>**6) WILLFUL AND/OR KNOWING VIOLATION OF 47 U.S.C. §227 ET SEQ.;**<br><br>**JURY TRIAL DEMANDED**<br><br>**AMOUNT IN CONTROVERSY: In excess of $25,000.00** |

## I.

## INTRODUCTION

1. Plaintiff MEGAN LACHI (hereinafter "MEGAN LACHI" and/or "PLAINTIFF") brings this lawsuit against the DEFENDANTS, GE CAPITAL BANK, formerly known as GE MONEY BANK, NORTHLAND GROUP INC., CACH, LLC, ENCORE RECEIVABLE MANAGEMENT INC and DOES 1-10 INCLUSIVE (hereafter "GEMB", "NORTHLAND", CACH, and ENCORE, respectively or DEFENDANTS, collectively), for violations of California Civil Codes §§1788.17 and 1788.14, and 47 U.S.C. §227.

## II.

## FINDINGS AND PURPOSE OF CALIFORNIA CIVIL CODE §1788 et seq.,the RFDCPA

2. The California Legislature made the following **findings** and **purpose** in creating Civil Code §1788, the **RFDCPA**:

*(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.*

*(2) There is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other.*

*(3) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.*

3. On September 3, 1999, "urgency legislation" was passed adding Civil Code §1788.17 to the RFDCPA which incorporated therein nearly all of the provisions of the Federal Fair

Debt Collection Practices Act ("FDCPA") which also superceded numerous provisions of the RFDCPA, such as Civil Code §1788.14, to the extent inconsistent, and which was enacted in 1977.

4. The United States Congress has made the following **findings** and declaration of **purpose** under the **FDCPA**:

*(a) Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*

*(b) Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

*(e) Purposes. It is the purpose of this title [15 U.S.C.S. §§1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.*

**III.**

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA ), 47 U.S.C. §227 GENERALLY**

5. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") in response to a growing number of consumer complaints regarding unwanted telemarketing calls and unwanted automated and prerecorded telephone calls, which Congress found to be a costly nuisance and an invasion of privacy to consumers.

6. In furtherance of this goal, the TCPA regulates, among other things, the use of any automated telephone dialing system or an artificial or prerecorded voice. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages

or autodialers to make any call to a wireless number in the absence of an emergency or without the prior express consent of the called party.

7.  Likewise, section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages in any calls to a residential telephone line in the absence of an emergency, the prior express consent of the called party, or order by the Federal Communications Commission ("FCC").

8.  The FCC, which pursuant to the statute has prescribed various regulations implementing the TCPA requirements, held in a recent FCC Declaratory Ruling that prerecorded message calls to a wireless number by a creditor for (or on behalf of a creditor) are permitted only if the calls are made with "prior express consent" of the called party. The FCC held "the creditor should be responsible for demonstrating that the consumer provided prior express consent. The creditors are in the best position to have records kept in the usual course of business showing such consent . . ." In re Rules Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C.R. 559, 564 (2007).

9.  Prior express consent is "deemed to be granted only if the wireless number was provided by the consumer to the creditor, and such number was provided during the transaction that resulted in the debt owed." Id. at 564-65.

10. Although a person who knowingly provides his or her wireless telephone number to a creditor may have consented to receive telephone calls at the number regarding the debt, such consent may be revoked by further instruction from the consumer. Id. at 564. According to the FCC's ruling, any claim that the knowing release of a phone number has given effect to an invitation to be called at the number only exists "absent instructions to the contrary." Id. A written cease and desist order advises a creditor to stop calling and serves to revoke any prior consent.

///

IV.

**JURISDICTION**

11. Jurisdiction of this Court arises under California Code Civil Procedure section 410.10 *et seq.*

V.

**PARTIES**

12. At all times alleged herein, Plaintiff was an individual residing in the City of Carlsbad, County of San Diego, State of California and from whom Defendants sought to collect a consumer debt which was due and owing from Plaintiff or alleged to be due and owing from Plaintiff. Plaintiff is a "debtor," as that term is defined by California Civil Code §1788.2(h).

13. Plaintiff is informed and believes, based and thereon alleges, that Defendants are in the business of issuing and/or servicing credit cards for individuals residing in the County of San Diego, State of California.

14. Defendants and each of them are not an attorney or counselor at law, and in the ordinary course of business Defendants regularly engage in debt collection as that term is defined in California Civil Code §1788.2. Defendants and each of them are a "debt collector," as that term is defined by California Civil Code §1788.2(c) and each Defendant is a "person" as that term is defined by California Civil Code §1788.2(g).

15. The ongoing collection efforts that are the subject of this complaint are ongoing and occurred within one year of filing this complaint.

16. The true names and capacities, whether individual, corporate, associate or other, of the defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff. When the true names and capacities of such defendants are ascertained, Plaintiff shall amend this complaint to allege the same. Plaintiff is informed and believes, and based thereon

alleges, that each such fictitiously named defendant herein is responsible for each of the acts and omissions alleged herein.

17. For purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants and each of them herein.

18. The Defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

## VI.

## FACTS

### Plaintiff Retained Doan Law Firm, LLP

20. Defendants allege that Plaintiff incurred a "debt" with Defendants and each of them, as that term is defined by California Civil Code §1788.2(d) and 15 U.S.C. §1692a(5).

21. On **November 9, 2010,** Plaintiff retained DOAN LAW FIRM, LLP to dispute the validity of the debt, to end communications on the debt under the RFDCPA, to eliminate all personal liability on the debt via Title 11 of the United States Code, to ensure that creditors accurately and completely report account information to each credit reporting bureau.

22. Specifically, DOAN LAW FIRM, LLP was retained to provide the following seven (7) services:

1) Stop all future communications and harassment from creditors using Civil Code §1788.14 and §1788.17 of the RFDCPA, (under 15 U.S.C. §1692 *et seq.*);

2) Dispute the validity of the debt alleged based on 15 U.S.C. §§1692c and 1692d, among other things, the statute of frauds, standing in light of securitization, set off rights, improper fees and interest charges and other state and federal statutes;

3) Ensure that creditors comply with Civil Code §1785.25(a) and correctly and accurately report to credit reporting agencies information about Plaintiff's account, and fact that the enforceability was disputed;

4) Eliminate personal liability using Title 11 of the U.S. Code;

5) Ensure that creditors comply with Civil Code §1785.25 and the Fair Credit Reporting Act (FCRA);

6) Expressly revoke any prior consent for the purposes of the TCPA; and

7) Stop any and all future communications and harassments by creditors using prerecorded messages and automatic dialing systems as prohibited under the TCPA.

23. Plaintiff paid money to DOAN LAW FIRM, LLP for the foregoing services.

24. The purported debt owed to Defendants will be the subject of a Chapter 7 Bankruptcy.

25. Once discharged, Defendants have no further contractual rights to enforce the debt against Plaintiff and Plaintiff will have no obligation to pay Defendants.

**<u>Legal Help Was Provided To Protect Plaintiff from Defendants:</u>**

26. DOAN LAW FIRM, LLP sent GEMB **four (4)** written "Cease and Desist Orders" by mail dated **February 23, 2011, March 15, 2011 and April 19, 2011.** The Cease and Desist Orders, dated **March 15, 2011 and April 19, 2011,** were sent via **Certified Mail.** The returned Certified Mail Receipts indicate that said letters were received on **March 28, 2011 and April 24, 2011**, respectively. True and correct copies of all **three (3)**

Cease and Desist Orders and the corresponding Certified Mail receipt are attached collectively hereto as **Exhibit "A"** and incorporated herein.

27. DOAN LAW FIRM, LLP sent ENCORE **one (1)** written "Cease and Desist Order" by mail dated **April 19, 2011.** Said Order was sent via **Certified Mail.** The Certified Mail Receipt indicates that the Order was received on **April 24, 2011.** True and correct copies of the **one (1)** Cease and Desist Order is attached here to as **Exhibit "B"** and incorporated herein.

28. The written Orders to Defendants specifically provided the following:

a) Plaintiff would soon be filing for Title 11 Federal Protection;

b) Advised that Plaintiff refused to pay the debt;

c) Advised that Plaintiff disputed the validity of the debt;

d) Advised that Plaintiff was now represented by an attorney, DOAN LAW FIRM, LLP with respect to the debt;

e) Ordered that Defendants Cease and Desist all further communications with Plaintiff with respect to the debt; and

f) Advised that billing statements should be sent to a new address at 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.

**Defendants Had Actual Knowledge Of Attorney Representation:**

29. Defendants physically received and had actual knowledge of the Cease and Desist Orders.

30. Defendants had actual knowledge of **attorney representation** by the DOAN LAW FIRM, LLP.

31. Defendants actually knew they had to **Cease and Desist** all further communications with Plaintiff with respect to the debt.

32. Defendants actually knew Plaintiff **refused to pay** the debt.

33. Defendants actually knew that Plaintiff **disputed the validity** of the debt.

34. Defendants actually knew Plaintiff was preparing to **file for Federal Relief under Title 11.**

35. Defendants actually **knew they were now prohibited from contacting** Plaintiff by all means.

36. Defendants actually knew they could no longer call, write, send billing statements, statements of account, or any other communication, except legal process to Plaintiff.

37. Defendants knew they could only communicate with DOAN LAW FIRM, LLP.

38. Defendants knew they could only call, write, send billing statements, and send statements of account, to the DOAN LAW FIRM, LLP at the new address provided.

39. The Official Staff Commentary on Regulation Z 226.2(a)(22)-2 specifically provides:

> *"An attorney and his or her client are considered to be the same person for purpose of this regulation when the attorney is acting within the scope of the attorney-client relationship with regard to a particular transaction."*

40. Defendants knew that any further communications of any kind with Plaintiff was prohibited, unlawful, illegal, and would subject them to damages.

**DEFENDANTS Committed at least Twenty-Nine (29) Unlawful Communications**

41. Despite knowledge of attorney representation, Defendants intentionally, willfully, deliberately, and knowingly refused to abide by the laws of the RFDCPA and FDCPA, and TCPA as set forth in the Cease and Desist Orders and communicated with Plaintiff in regard to the alleged debt.

42. Specifically, Defendants continued communications with Plaintiff, as further evidenced by the copies of letters sent to Plaintiff. True and correct copies of the same are attached hereto collectively as **Exhibit "C"**.

43. Defendants continued to make at least **twenty-five (25), probably more,** unlawful calls

to Plaintiff from **March 16, 2011 through March 27, 2011,** despite the fact they received **five** (5) written Cease and Desist Orders. True and correct copies of the "Unlawful Communication Logs" are attached hereto as **Exhibit "D".**

44. Defendants sent two (2) emails to Plaintiff on **March 23, 2011** and **April 13, 2011,** despite receiving **five (5)** Cease and Desist Orders. True and correct copies of the emails are attached hereto collectively as **Exhibit "E".**

45. Defendants continued to send written notices to Plaintiff from **February 21, 2013 through May 28, 2013** despite the fact that they received **five** (5) written Cease and Desist Orders more than a year ago.

46. CACH acknowledged Plaintiff's dispute of the erroneous debt in a letter dated **November 23, 2012.** Moreover, Defendants knew Plaintiff disputed the validity of the debt. Not only did Defendants receive **five (5)** Cease and Desist Orders, Plaintiff also sent Defendants a letter dated **February 10, 2013**, disputing the erroneous debt. True and correct copies of CACH's Acknowledgment and Plaintiff's dispute is attached hereto as **Exhibit "F".**

47. The numerous communications evidence a pattern and practice wherein Defendants engaged in unlawful harassment and abuse to coerce payment.

48. Upon receiving payment, Defendants represented that the harassment and abuse would stop and Defendants would restore to Plaintiff her right to privacy and peace of mind.

49. Plaintiff is informed and believes and based thereon alleges that the calls are continuing and that there are additional violations under Civil Code §1788.17 and that discovery will reveal further violations.

**<u>DEFENDANTS Willfully and Knowingly Violated the RFDCPA:</u>**

50. As a "Debt Collector," Defendants and each of them are fully aware of California's debt collection laws, including the RFDCPA and the FDCPA to the extent incorporated

therein.

51. Defendants and each of them are aware that full and complete compliance with the Truth in Lending Act ("TILA") may take place by communicating with Plaintiff's attorney, pursuant to the Official Staff Commentary on Regulation Z 226.2(a)(22)-2, as set forth above.

52. There is no conflict of law between the RFDCPA and TILA since Defendants can comply with TILA by sending correspondence to Plaintiff's attorney, instead of Plaintiff.

53. Defendants knew each of its harassing communications were willful and knowing violations of Title 1.6C of the California Civil Code §1788 *et seq.* and 15 U.S.C. §1692 *et seq.* as incorporated therein.

54. Defendants' harassing communications, as set forth above, were willful and knowing violations of Title 1.6C of the California Civil Code §1788 *et seq.*, and 15 U.S.C. §1692 *et seq.* to the extent incorporated therein.

55. Defendants' harassing communications, as set forth above, are part of an overall unlawful business pattern and practice whereby Defendants knowingly, willfully, and intentionally enterprised a profitable unlawful collection scheme to derive profits through the incomplete and inaccurate information and through harassing communications and intentional misinterpretation of TILA laws.

56. Defendants rarely, if ever, are pursued or sued over such harassing communications, and reporting violations since very few debtors are aware that their rights are being violated, rarely have the financial resources to pursue such claims, and/or very few attorneys are willing to take on such cases.

57. Defendants are highly motivated to continue their harassing communications since any payments made to resolve any judgments or settlements for such unlawful conduct are minuscule when compared to the overall profits generated from such unlawful

conduct.

**DEFENDANTS Willfully and/or Knowingly Violated the Telephone Consumer Protection Act of 1991**

58. Plaintiff had a consumer credit card account that had originated with, was assigned to, and/or was serviced by Defendants.

59. As a creditor, Defendants and each of them are fully aware of the TCPA and the regulations it provides.

60. Plaintiff denies ever providing her cell phone and/or residential telephone number to Defendants with the express consent to be called by an "automatic telephone dialing system" or "artificial or prerecorded voice," or any other method.

61. Plaintiff further demonstrated she did not consent to any such calls by mailing five (5) written cease and desist orders, as set forth above, instructing Defendants to immediately stop all further communications.

62. Defendants knew each of its harassing communications were willful and knowing violations of 47 U.S.C. §227b(1)(A)(iii) and/or 47 U.S.C. §227b(1)(B).

63. Defendants' harassing communications, as set forth above, are part of an overall business practice whereby Defendants knowingly, willfully, and intentionally use automated and prerecorded machines to place calls to consumers, which Congress has explicitly found to be a costly nuisance and an invasion of privacy to such individuals.

64. Defendants willful and knowing violations of the TCPA undermine Congress' purpose and intent behind the Act. As Defendants are rarely ever sued successfully under the TCPA for such violations, Defendants have the incentive to continue their unlawful practices.

**PLAINTIFF Suffered Damages as a Result of DEFENDANTS' Conduct**

65.  As a direct result of Defendants' harassing communications, Plaintiff has incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, depression, humiliation, indignity, pain and suffering, and other injuries. Plaintiff, in receiving numerous notices and an email, felt hopeless and felt there was no way out every time.

66.  Plaintiff was also finalizing her divorce. As such, she was going through a depressing period of time while Defendants continued to harass Plaintiff with repeated notices to pay a debt not owed. Plaintiff's stress and grief were thereby compounded by Defendants' actions.

67.  Plaintiff incurred out of pocket monetary damages when attorney fees and costs were paid to the DOAN LAW FIRM, LLP for services provided to protect Plaintiff under the RFDCPA and FDCPA which ultimately failed.

68.  Plaintiff incurred additional incidental actual damages including, but not limited to, gas and transportation costs traveling to the law firm, telephone call charges, postage, and other damages.

69.  Plaintiff continues to incur attorney fees and costs in filing this suit and bringing this matter to trial.

70.  Defendants' conduct has caused Plaintiff unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by California Statute. Plaintiff has incurred mental and emotional distress, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, which will continue to trial.

////

////

**VII.**

**SIX (6) CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA CIVIL CODE §1788.17**

**(Under 15 U.S.C. §1692c(a)(2))**

71. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

72. California Civil Code §1788.17 of the RFDCPA provides in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

73. 15 U.S.C. §1692c(a)(2) as incorporated into §1788.17 the FDCPA provides:

> *Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–*
>
> > *(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . .*

74. Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into the RFDCPA since Defendants repeatedly and continuously sent Plaintiff notices and harassed Plaintiff at least **twenty-nine (29) times, but probably more,** despite the fact that Plaintiff advised Defendants, in writing, to contact DOAN LAW FIRM, LLP regarding the

alleged debt.

75. Defendants continued to make at least **twenty-five (25), but probably more,** unlawful calls to Plaintiff from **March 16, 2011 through March 27, 2011,** despite the fact they received five (5) written Cease and Desist Orders. True and correct copies of the "Unlawful Communication Logs" are attached hereto as **Exhibit "D"**.

76. Defendants sent **two (2)** emails to Plaintiff on **March 23, 2011** and **April 13, 2011,** despite receiving **five (5)**Cease and Desist Orders. True and correct copies of the emails are attached hereto collectively as **Exhibit "E".**

77. Defendants continued to send written notices to Plaintiff from **February 21, 2013 through May 28, 2013** despite the fact that they received **five (5)** written Cease and Desist Orders more than a year ago.

78. CACH acknowledged Plaintiff's dispute of the erroneous debt in a letter dated November 23, 2012. Moreover, Defendants knew Plaintiff disputed the validity of the debt. Not only did Defendants receive **five (5)**Cease and Desist Orders, Plaintiff also sent Defendants a letter dated **February 10, 2013,** disputing the erroneous debt. True and correct copies of CACH's Acknowledgment and Plaintiff's dispute is attached hereto as **Exhibit "F"**.

79. Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into RFDCPA, because they repeatedly contacted and harassed the Plaintiff after being directly notified, in writing, to cease and desist all further communication.

80. California Civil Code §1788.17 requires that Defendants comply with the provisions of 15 U.S.C §1692c(a)(2).

81. The foregoing violations of 15 U.S.C §1692c(a)(2) by Defendants resulted in separate violations of California Civil Code §1788.17.

82. California Civil Code §1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15

U.S.C. §1692c(a)(2).

83. The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code§1788.30(b), and trigger a **penalty of up to $1,000.00.**

**SECOND CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA**

**(Under 15 U.S.C. §1692c(c))**

84. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

85. California Civil Code §1788.17 of the RFDCPA provides in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to §1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

86. 15 U.S.C. §1692c(c) of the FDCPA provides:

> *If a consumer notifies a debt collector in writing that the consumer **refuses to pay** a debt or that the consumer wishes the debt collector to **cease further communication** with the consumer, the debt collector shall **not communicate** further with the consumer with respect to such debt.*

87. DOAN LAW FIRM, LLP sent GEMB **four (4)** written "Cease and Desist Orders" by mail dated **February 23, 2011, March 15, 2011 and April 19, 2011.** The Cease and Desist Orders, dated **March 15, 2011 and April 19, 2011,** were sent via **Certified Mail.** The returned Certified Mail Receipts indicate that said letters were received on **March 28, 2011 and April 24, 2011,** respectively. True and correct copies of all **four** (4) Cease and Desist Orders and the corresponding Certified Mail receipt are attached

collectively hereto as **Exhibit "A"** and incorporated herein.

88. DOAN LAW FIRM, LLP sent ENCORE **one (1)** written "Cease and Desist Order" by mail dated **April 19, 2011.** Said Order was sent via **Certified Mail. The** Certified Mail Receipt indicates that the Order was received on **April 24, 2011.** True and correct copies of the one **(1)** Cease and Desist Order is attached here to as **Exhibit "B"** and incorporated herein.

89. Defendants violated 15 U.S.C. §1692c(c) as incorporated into the RFDCPA because Defendants repeatedly and continuously harassed Plaintiff at least **twenty-nine (29) times , but probably more,** after being directly notified, in writing, of Plaintiff's intent to file bankruptcy.

90. Defendants continued to make at least **twenty-five (25), but probably more,** unlawful calls to Plaintiff from **March 16, 2011 through March 27, 2011,** despite the fact they received **five** (5) written Cease and Desist Orders. True and correct copies of the "Unlawful Communication Logs" are attached hereto as **Exhibit "D"**.

91. Defendants sent **two (2)** emails to Plaintiff on **March 23, 2011** and **April 13, 2011,** despite receiving **five (5)** Cease and Desist Orders. True and correct copies of the emails are attached hereto collectively as **Exhibit "E".**

92. Defendants continued to send written notices to Plaintiff from **February 21, 2013 through May 28, 2013** despite the fact that they received **five (5)**written Cease and Desist Orders more than a year ago.

93. CACH acknowledged Plaintiff's dispute of the erroneous debt in a letter dated November 23, 2012. Moreover, Defendants knew Plaintiff disputed the validity of the debt. Not only did Defendants receive **five (5)** Cease and Desist Orders, Plaintiff also sent Defendants a letter dated **February 10, 2013,** disputing the erroneous debt. True and correct copies of CACH's Acknowledgment and Plaintiff's dispute is attached hereto as **Exhibit "F"**.

94. Defendants violated 15 U.S.C §1692c(c), as incorporated into the RFDCPA, because Defendants harassed Plaintiff after being directly notified to cease and desist all further communication.

95. California Civil Code §1788.17 requires that Defendants comply with the provisions of 15 U.S.C. §1692c(c).

96. The foregoing violations of 15 U.S.C. §1692c(c) by Defendants resulted in separate violations of California Civil Code §1788.17.

97. California Civil Code Section 1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692c(c).

98. The foregoing violations by Defendants were willful and knowing violations of Title 99.1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and trigger a **penalty of up to $1,000.00.**

**THIRD CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA**

**(Under 15 U.S.C. §1692e(10))**

99. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

100. 15 U.S.C. § 1692e(10) of the FDCPA provides:

*A debt collector may not use any false, deceptive or misleading information or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(10) the use of any false representation or deceptive means to collect or*

*attempt to collect any debt or to obtain any information concerning a consumer.*

101. Plaintiff alleges that Defendants made false claims regarding her legal protection from Defendants' contacts.

102. Defendants continued to make at least **twenty-five (25), but probably more,** unlawful calls to Plaintiff from **March 16, 2011 through March 27, 2011,** despite the fact they received **five (5)** written Cease and Desist Orders. True and correct copies of the "Unlawful Communication Logs" are attached hereto as **Exhibit "D"**.

103. Defendants sent two (2) emails to Plaintiff on **March 23, 2011** and **April 13, 2011,** despite receiving **five (5)** Cease and Desist Orders. True and correct copies of the emails are attached hereto collectively as **Exhibit "E".**

104. Defendants continued to send written notices to Plaintiff from **February 21, 2013 through May 28, 2013** despite the fact that they received five (5) written Cease and Desist Orders more than a year ago.

105. Moreover, Defendants continued communications with Plaintiff after Plaintiff disputed the alleged debt with Defendants and **three (3)** credit bureaus.

106. Further, Defendants attempted to collect on a debt barred by the Statute of Limitations. Plaintiff has not made a payment on the alleged account within the last **four (4)** years. Accordingly, Plaintiff's last payment was made in or before **September 2009**. Thus, Defendants falsely represented the legal status of the alleged debt in each of its communications with Plaintiff.

107. The letters asserted, erroneously, that Plaintiff owed a debt and that Defendants were still permitted to contact Plaintiff.

108. The statement by Defendants that Plaintiff owed a debt represents an attempt to dishonestly and unlawfully misrepresent the law under the RFDCPA and FDCPA, and in fact undermines their purpose and intent.

109. Moreover, this misrepresentation caused Plaintiff confusion as to her legal rights, and led Plaintiff to believe that Defendants have a right to collect on a debt that is not owed.

110. California Civil Code § 1788.17 requires that Defendants comply with the provisions of 15 U.S.C § 1692e(10).

111. The foregoing violations of 15 U.S.C §1692e(10) by Defendants resulted in separate violations of California Civil Code Section §1788.17.

112. California Civil Code §1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. § 1692k for failing to comply with the provisions of 15 U.S.C. § 1692e(10).

113. The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and trigger **a penalty of up to $1,000.00.**

**FOURTH CAUSE OF ACTION:**

**VIOLATION OF §1788.14(c) of the RFDCPA**

114. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

115. California Civil Code Section 1788.14(c) provides in pertinent part:

> *No debt collector shall collect or attempt to collect a consumer debts by means of the following:*
>
> *(c)* ***Initiating communications****, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously* ***notified in writing by the debtor's attorney that the debtor is represented by such attorney*** *with respect to the consumer debt and such notice includes the attorney's name and*

*address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney . . .*

116. Defendants violated California Civil Code Section §1788.14(c), because Defendants repeatedly contacted and harassed Plaintiff by sending Plaintiff at least **two (2)** notices and emailing Plaintiff at least **two (2)** time after being directly notified in writing at least **four** (4) times of attorney representation concerning the debt.

117. Defendants continued to make at least **twenty-five (25), but probably more,** unlawful calls to Plaintiff from **March 16, 2011 through March 27, 2011,** despite the fact they received **five** (5) written Cease and Desist Orders. True and correct copies of the "Unlawful Communication Logs" are attached hereto as **Exhibit "D"**.

118. Defendants sent **two (2)** emails to Plaintiff on **March 23, 2011** and **April 13, 2011,** despite receiving **five (5)** Cease and Desist Orders. True and correct copies of the emails are attached hereto collectively as **Exhibit "E".**

119. Defendants continued to send written notices to Plaintiff from **February 21, 2013 through May 28, 2013** despite the fact that they received **five** (5) written Cease and Desist Orders more than a year ago.

120. CACH acknowledged Plaintiff's dispute of the erroneous debt in a letter dated November 23, 2012. Moreover, Defendants knew Plaintiff disputed the validity of the debt. Not only did Defendants receive **five** (5) Cease and Desist Orders, Plaintiff also sent Defendants a letter dated **February 10, 2013**, disputing the erroneous debt. True and correct copies of CACH's Acknowledgment and Plaintiff's dispute is attached hereto as **Exhibit "F"**.

121. The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and trigger **a penalty of up to $1,000.00.**

**FIFTH CAUSE OF ACTION:**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 et seq.**

122. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

123. Telephone Consumer Protection Act of 1991, 47 U.S.C. §227(b)(1)(A)(iii) and (B) provides in pertinent part:

> *(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States -*
>
> *(A) to make any call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -*
>
> . . .
>
> *(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.*
>
> *(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message . . .*

124. Defendants violated 47 U.S.C. §227 *et seq.* since Defendants called and harassed Plaintiff at least **twenty-five (25) times, but probably more,** using an "automated telephone dialing system," as that term is defined by 47 U.S.C. §227a(1). True and correct copies of the "Unlawful Communication Logs" are attached hereto as **Exhibit "D".**

125. During these telephone calls, Defendants used "an artificial or prerecorded voice," as prohibited by 47 U.S.C. §227b(1)(A) and (B).

126. Defendants placed these calls to a telephone number assigned to a residential telephone line and/or cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227b(1)(A) and (B).

127. These telephone calls were not placed by Defendants for emergency purposes, within the meaning of 47 U.S.C. §227b(1)(A) and (B).

128. Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff's residential and/or cellular phone placed by an "automatic telephone dialing system" or utilizing an "artificial or prerecorded voice," within the meaning of 47 U.S.C. §227b(1)(A) and (B).

129. In the event Defendants allege they obtained the prior express consent of Plaintiff to receive such automated calls, Plaintiff **expressly and explicitly revoked any such consent** in writing when Plaintiff sent **five (5)** "Cease and Desist Orders" stating to stop such repetitive and harassing calls. True and correct copies of the Cease and Desist Orders and corresponding Certified Mail receipts are attached collectively hereto as **Exhibits "A " and "B"**, and incorporated herein.

130. Under the TCPA and pursuant to the FCC's Declaratory Ruling, the burden is on Defendants to demonstrate Plaintiff provided express consent within the meaning of the statute. Defendants have failed to meet their burden since no written express consent exists. In the alternative, even if Defendants allege such initial consent existed at a prior time, Defendants have failed to meet their burden once the cease and desist letters expressly and explicitly revoked any such consent in writing.

131. Defendants' calls do not fall within any exception by rule or order of the Commission, as provided by 47 U.S.C. §227b(B).

132. The foregoing violations of 47 U.S.C. §227b(1) by Defendants trigger a recovery of

**$500 in statutory damages** for **each and every call** in violation of the statute, pursuant to 47 U.S.C. §227b(3).

**SIXTH CAUSE OF ACTION:**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 et seq.**

133. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

134. Telephone Consumer Protection Act of 1991, 47 U.S.C. §227(b)(1)(A)(iii) provides in pertinent part:

*(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States -*

*(A) to make any call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -*

. . .

*(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.*

135. Defendants violated 47 U.S.C. §227b(1)(A) since Defendants knowingly and willingly called and harassed Plaintiff at least **twenty-five (25) times, but probably more,** using an "automated telephone dialing system," as that term is defined by 47 U.S.C. §227a(1). True and correct copies of the "Unlawful Communication Logs" are

attached hereto as **Exhibit "D"**.

136. During these telephone calls, Defendants knowingly and willingly used "an artificial or prerecorded voice," as prohibited by 47 U.S.C. §227b(1)(A).

137. Defendants knowingly and willingly placed these calls to a residential telephone line and/or cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227b(1)(A) and (B).

138. These telephone calls were not placed by Defendant for emergency purposes as defined by 47 U.S.C. §227b(1)(A)(I).

139. Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff's residential and/or cellular phone placed by an "automatic telephone dialing system" or utilizing an "artificial or prerecorded voice," within the meaning of 47 U.S.C. §227b(1)(A) and (B).

140. In the event Defendants allege they obtained the prior express consent of Plaintiff to receive such automated calls, Plaintiff **expressly and explicitly revoked** any such **consent** in writing when Plaintiff sent **five** (5) "Cease and Desist Orders" stating to stop such repetitive and harassing calls. True and correct copies of the Cease and Desist Orders and the corresponding Certified Mail receipts are attached collectively hereto as **Exhibits "A" and "B"**, and incorporated herein.

141. Under the TCPA and pursuant to the FCC's Declaratory Ruling, the burden is on Defendants to demonstrate Plaintiff provided express consent within the meaning of the statute. Defendants have failed to meet their burden since no written express consent exists. In the alternative, even if Defendants allege such initial consent existed at a prior time, Defendants have failed to meet their burden once the cease and desist letters expressly and explicitly revoked any such consent in writing.

142. Defendants' calls do not fall within any exception by rule or order of the Commission, as provided by 47 U.S.C. §227b(B).

143. The foregoing violations of 47 U.S.C. §227b(1) by Defendants were knowing and/or willful, which entitle Plaintiff to **treble damages of up to $1,500 for each and every call** in violation of the statute, pursuant to 47 U.S.C. §227b(3).

## VIII.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants, respectfully prays this Court grant relief in excess of **$25,000.00** in monetary damages **(Actual Damages, Statutory Penalties, Attorney Fees and Costs** according to proof, **Injunctive Relief**, and **Declaratory Relief**).

Such relief is reasonably justified under the circumstances, and is more specifically broken down as follows:

A. **Actual Economic Damages** totaling at least **$1,515.00**, consisting of **$500.00 attorney** fees previously paid to DOAN LAW FIRM, LLP to end the harassment, and **$15.00** in transportation, gasoline, telephone call charges, and postage, pursuant to California Civil Code §1788.30(a); **$1,000.00 Additional Damages** pursuant to California Civil Code §1788.17 incorporating 15 U.S.C. §1692k; and other economic damages accruing prior to the Order for Bankruptcy Relief;

B. **Actual Non-Economic Damages of at least $10,000.00** pursuant to California Civil Code §1788.30(a) for mental and emotional distress, anxiety, fear, embarrassment, distractions at place of work, and other injuries;

C. **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.17 (under 15 U.S.C. §1692c(a)(2));

D. **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.17 (under 15 U.S.C. §1692c(c);

E. **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.17 (under 15 U.S.C. §1692e(10));

F. **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.14(c);

G, **Statutory Penalties of at least $1,500.00** as against Defendants arising for **each and** every violation of 47 U.S.C. §227(b)(1) pursuant to 47 U.S.C. §227(b)(3)(B);

H. **Alternatively**, if the Court finds Plaintiff is not entitled to statutory penalties of $1,500.00 for each violation of 47 U.S.C. §227(b)(1), Plaintiff requests **Statutory Penalties of up to $500.00** as against Defendants arising for **each and** every violation of 47 U.S.C. §227(b)(1) pursuant to 47 U.S.C. §227(b)(3)(C), and as further proof may reveal;

I. **Costs of Litigation** and reasonable **Attorney's Fees** against Defendants pursuant to California Civil Code §§1788.14, 1788.17, and Cal. Code Civ. Proc. §1021.5.

J. **Injunctive Relief** against Defendants, restraining them from any further contact with Plaintiff and from reporting incomplete and inaccurate information to credit reporting agencies;

K. **Declaratory Relief** against Defendants, declaring their practices of communicating with and harassing Plaintiff was in violation of California Civil Code Section §§1788.14, and 1788.17; and

///

///

///

L. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**DOAN LAW FIRM, LLP**

Dated: September 12, 2013

By: Karen S. Spicker

Karen S. Spicker, Esq.
Attorney for Plaintiff
MEGAN LACHI

# EXHIBIT A

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
www.DoanLaw.com

February 23, 2011

**CEASE AND DESIST ORDER PER CC 1788.17 WITH BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA**

GEMB/Chevron
P.O. Box 5010
Concord, CA 94524-0010

Re: Debtor(s): Megan Ann Lachi
Account No: xxxxxxxx3449 and any other accounts related to the Debtor(s)
Soc Sec No: xxx-xx-3358
Amount: $165.00

To Whom It May Concern:

Please note the above referenced debtor(s) have retained **Doan Law Firm** to end Creditor Communications and to discharge your claim(s) with Title 11 relief. Accordingly, whether you are a collection agent or the original creditor, **California Civil Code Section 1788.17 via 15 U.S.C. 1692 requires you cease and desist any and all future communications on any and all accounts** associated with the above referenced debtor(s). This letter **revokes** all prior business relationships as defined by **The Telephone Consumer Protection Act 47 U.S.C. 227 (a)(2)**. Any prior consent that may have been given that would allow for the calling my clients is expressly revoked. Therefore, any future phone calls to the above debtor(s) using an automated telephone dialing system will result in violation of **The Telephone Consumer Protection Act** 47 U.S.C. 227 **(b)**(1)(A). Further, you are **specifically prohibited** from calling my clients at **any** time, including, but not limited to at a work number or during work hours, as they cannot receive calls at work.

Additionally, the **debtor(s) dispute the total debt and refuse to pay the total debt,** in light of basic contract enforceability issues. Please provide our Firm copies of any contract you believe support your claim(s) in a court of law. Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as **"disputed"** to all you report to per 15 USC 1692(e)8, CC 1788.17, CC 1782.25(a), and 15 USC 1601. This would also include identifying this account as **"disputed"** in any and all credit bureau reporting you do, such as entering compliance condition code**"XB"** in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at **2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008,** per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re-Wright (1981) 11 BR 590, 592, for further explanation.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, **shall result in a lawsuit** being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. In the meantime, you may also access our "Creditor Link" anytime at **http://doanlaw.com/creditor_link.html**.

Sincerely,
Karen S. Spicker
Karen Spicker,
Attorney at Law

***DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17 AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 USC 1666(b)6:***

*The undersigned disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.*

DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.

Megan Ann Lachi

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
doanlaw.com

March 15, 2011

**CEASE AND DESIST ORDER PER CC 1788.17 WITH BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA**

GEMB/ Chevron
P.O. Box 981403
El Paso, TX 79998-1430

**Re:** **Debtor(s):** **Megan Ann Lachi**
**Account No:** **Ending in 3449 and any other accounts related to the Debtor(s)**
**Soc Sec No:** **xxx-xx-3358**
**Amount:** **$252.00**

To Whom It May Concern:

Please also note that the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 7 relief. Accordingly, whether you are a collection agent or the original creditor, **California Civil Code Section 1788.17 via 15 U.S.C. 1692** requires you **cease and desist any and all** **future communications** on **any and all accounts** associated with the above-referenced debtor(s).

Additionally, the debtor(s) **dispute the total debt** and **refuse to pay the total debt**, in light of basic contract enforceability issues. Please provide our Firm copies of any contract you believe support your claim(s) in a court of law. Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as **"disputed"** to all you report to per 15 U.S.C. 1692e(8), CC 1788.17, CC 1785.25(a), and 15 U.S.C. 1601. This would also include identifying this account as **"disputed"** in any and all credit bureau reporting you do, such as entering compliance condition code **"XB"** in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at **2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008**, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592, for further explanation.

Since you are now officially on notice as required by law, any future communications directly with our client(s), without our express written consent, **shall result in a lawsuit** being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. In the meantime, you may also access our "Creditor Link" anytime at **http://doanlaw.com/creditor_link.html.**

Sincerely,
Karen S. Spicker
Karen Spicker,
Attorney at Law

***DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17 AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 U.S.C. 1666(b)(6)***

***The undersigned disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.***

**DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.**

Megan Ann Lachi

7011 0470 0003 4924 1232

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

lachi

Postmark Here

4/20

Sent To: GEMB | Chev. Texaco
Street, Apt. No.; or PO Box No.: PO Box 530950
City, State, ZIP+4: Atlanta GA 30353-0950

PS Form 3800, August 2006 — See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GE Money Bank/
Chevron & Texaco CC
PO Box 530950
Atlanta, GA 30353-0950

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7011 0470 0003 4924 1232

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GEMB / Chevron
P.O. Box 981403
El Paso, TX 79998-1

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X DANIEL PENALOZA ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery MAR 28 2011

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

MAIL PIECE FORWARDED TO ORLANDO FL 32896

☐ Certified Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
doanlaw.com

April 19, 2011

**SECOND (2ND) CEASE AND DESIST ORDER PER CC 1788.17 WITH BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA**

GE Money Bank/ Chevron and Texaco Credit Card
PO Box 530950
Atlanta, GA 30353-0950

| **Re:** | **Debtor(s):** | **Megan Ann Lachi** |
|---|---|---|
| | **Account No:** | **Ending in 8088 and any other accounts related to the Debtor(s)** |
| | **Soc Sec No:** | **xxx-xx-3358** |

To Whom It May Concern:

**This is your second notice.** Please note that the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 7 relief. Accordingly, whether you are a collection agent or the original creditor, **California Civil Code Section 1788.17 via 15 U.S.C. 1692** requires you **cease and desist any and all <u>future communications</u>** on **any and all accounts** associated with the above-referenced debtor(s). **Your collection letter dated March 23, 2011 is in violation.**

Additionally, the debtor(s) **dispute the total debt** and **refuse to pay the total debt**, in light of basic contract enforceability issues. Please provide our Firm copies of any contract you believe support your claim(s) in a court of law. Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as **"disputed"** to all you report to per 15 U.S.C. 1692e(8), CC 1788.17, CC 1785.25(a), and 15 U.S.C. 1601. This would also include identifying this account as **"disputed"** in any and all credit bureau reporting you do, such as entering compliance condition code **"XB"** in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at **2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008,** per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see <u>In re Wright</u> (1981) 11 BR 590, 592, for further explanation.

Since you are now officially on notice as required by law, any future communications directly with our client(s), without our express written consent, **<u>shall result in a lawsuit</u>** being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. In the meantime, you may also access our "Creditor Link" anytime at **http://doanlaw.com/creditor_link.html.**

Sincerely,

Karen S. Spicker

Karen Spicker,
Attorney at Law

***DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17 AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 U.S.C. 1666(b)(6)***

***The undersigned disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.***

**<u>DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.</u>**

______________________
Megan Ann Lachi

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
doanlaw.com

April 19, 2011

**CEASE AND DESIST ORDER PER CC 1788.17 WITH BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA**

CareCredit/GEMB
PO Box 960061
Orlando, FL 32896-0061

| Re: | Debtor(s): | Megan Ann Lachi |
|---|---|---|
| | Account No: | Ending in 4566 and any other accounts related to the Debtor(s) |
| | Soc Sec No: | xxx-xx-3358 |
| | Amount: | $2,706.99 |

To Whom It May Concern:

Please note that the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 7 relief. Accordingly, whether you are a collection agent or the original creditor, **California Civil Code Section 1788.17 via 15 U.S.C. 1692** requires you **cease and desist any and all <u>future communications</u>** on **any and all accounts** associated with the above-referenced debtor(s).

Additionally, the debtor(s) **dispute the total debt and refuse to pay the total debt**, in light of basic contract enforceability issues. Please provide our Firm copies of any contract you believe support your claim(s) in a court of law. Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as **"disputed"** to all you report to per 15 U.S.C. 1692e(8), CC 1788.17, CC 1785.25(a), and 15 U.S.C. 1601. This would also include identifying this account as **"disputed"** in any and all credit bureau reporting you do, such as entering compliance condition code **"XB"** in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at **2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008,** per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see <u>In re Wright</u> (1981) 11 BR 590, 592, for further explanation.

Since you are now officially on notice as required by law, any future communications directly with our client(s), without our express written consent, **<u>shall result in a lawsuit</u>** being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. In the meantime, you may also access our "Creditor Link" anytime at **http://doanlaw.com/creditor_link.html.**

Sincerely,
Karen S. Spicker
Karen Spicker,
Attorney at Law

***DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17 AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 U.S.C. 1666(b)(6)***

***The undersigned disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.***

**<u>DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.</u>**

Megan Ann Lachi

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Care Credit / GEMB
PO Box 960061
Orlando, FL 32896-0061

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x DANIEL PENALOZA ☐ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

APR 24 2011

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7011 0470 0003 4924 1225

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

---

7011 0470 0003 4924 1225

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | lacm |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4/20 |

Sent To: Care Credit / GEMB
Street, Apt. No.; or PO Box No.: PO Box 960061
City, State, ZIP+4: Orlando, FL 328960061

PS Form 3800, August 2006 See Reverse for Instructions

# EXHIBIT B

DOAN LAW FIRM, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
doanlaw.com

April 19, 2011

**CEASE AND DESIST ORDER PER CC 1788.17 WITH BILLING ERROR NOTICE AND ADDRESS CHANGE PER FCBA**

Encore receivable management inc.
400 N Rogers Road
PO Box 3330
Olathe, KS 66063-3330

| **Re:** | **Debtor(s):** | **Megan Ann Lachi** |
|---|---|---|
| | **Original Creditor:** | **GE Money Bank** |
| | **Re:** | **Care Credit** |
| | **Account No:** | **Ending in 4566 and any other accounts related to the Debtor(s)** |
| | **Soc Sec No:** | **xxx-xx-3358** |
| | **Amount:** | **$2,706.00** |

To Whom It May Concern:

Please note that the above referenced **debtor(s)** have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 7 relief. Accordingly, whether you are a collection agent or the original creditor, **California Civil Code Section 1788.17 via 15 U.S.C. 1692** requires you **cease and desist any and all future communications** on **any and all accounts** associated with the above-referenced debtor(s).

Additionally, the debtor(s) **dispute the total debt** and **refuse to pay the total debt**, in light of basic contract enforceability issues. Please provide our Firm copies of any contract you believe support your claim(s) in a court of law. Unless our Firm sends you written confirmation that you possess an enforceable contract, you must report the entire amount as **"disputed"** to all you report to per 15 U.S.C. 1692e(8), CC 1788.17, CC 1785.25(a), and 15 U.S.C. 1601. This would also include identifying this account as **"disputed"** in any and all credit bureau reporting you do, such as entering compliance condition code **"XB"** in base segment field 20 when uploading Metro 2 automated data reporting.

Pursuant to FCBA and TILA, demand is hereby made that the address for any future billing statements be changed to our office at **2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008**, per the Official Staff Commentary on Regulation Z 226.2(a)(22)-2. Please see In re Wright (1981) 11 BR 590, 592, for further explanation.

Since you are now officially on notice as required by law, any future communications directly with our client(s), without our express written consent, **shall result in a lawsuit** being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs. You will soon receive a Federal Notice governing your claim. In the meantime, you may also access our "Creditor Link" anytime at **http://doanlaw.com/creditor_link.html.**

Sincerely,
Karen S. Spicker
Karen Spicker,
Attorney at Law

***DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17 AND BILLING ERROR NOTICE/ADDRESS CHANGE PER 15 U.S.C. 1666(b)(6)***

***The undersigned disputes your claim(s), refuses to pay, and requests a change of address with all future correspondence to be sent to: 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.***

**DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.**

Megan Ann Lachi

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Encore receivable management inc.
400 N Rogers Road
P.O. Box 3330
Olathe, KS 66063-3330

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) L. GALANTE

C. Date of Delivery 4-25-11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7011 0470 0003 4924 1218

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Lacie

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

4/20

7011 0470 0003 4924 1218

Sent To Encore Rec. Manag. Inc.
Street, Apt. No.; or PO Box No. 400 N Rogers Rd. PO Box 3330
City, State, ZIP+4 Olathe, KS 66063-3330

PS Form 3800, August 2006 See Reverse for Instructions

# EXHIBIT C

P.O. Box 47248
Oak Park, MI 48237

ADDRESS SERVICE REQUESTED

receivable management inc.
400 N Rogers Rd • PO Box 3330 • Olathe KS 66063-3330
Telephone: 866-247-1087

November 22 2010

CONV0400
#BWNNCHH
#040068292581 1557#
GUSTAVO E LACHI
6303 LAKE COMO AVE
SAN DIEGO CA 92119-3124

**Creditor: GE Money Bank**
Re: CARECREDIT

For the Account Ending in: XXXXXXXXXXXX4566
Encore Account #: 6008292581155
Balance: $2,706.00

Dear GUSTAVO E LACHI:

The above referenced account has been referred to our office for collection. Previous attempts have been made by the creditor to obtain payment of this debt. As of this date, those attempts have not been successful.

Please detach the lower portion of this notice and return with your payment in the enclosed envelope or call us at the above number if you would like to make a payment using a check by telephone. You can also log on and pay at www.gemoney.com

Note: If payment has already been made, please notify this office at 866-247-1087 to avoid further communications.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

ENCORE RECEIVABLE MANAGEMENT, INC. • 400 N Rogers Rd. • PO Box 3330 • Olathe KS 66063-3330 • 866-247-1087

***** Detach Lower Portion and Return With Payment *****

**Creditor: GE Money Bank**
Re: CARECREDIT

For the Account Ending in: XXXXXXXXXXXX4566
Encore Account #: 6008292581155
Balance: $2,706.00

CARECREDIT
P.O. Box 960061
Orlando FL 32896-0061

CONV0400
#BWNNCHH
#040068292581 1557#
GUSTAVO E LACHI
6303 LAKE COMO AVE
SAN DIEGO CA 92119-3124

(QESP)-I0:T011:002672:001:1000:10327:CL58:CONV001:01:



*Northland Group Inc.*

P.O. Box 390846
Minneapolis, MN 55439
Mail Code RZ22

866-699-2649 ext 3728
For Hours of Operation, please visit us at:
www.payments2northland.com

May 28, 2013

**ACCOUNT INFORMATION**
**Account Owner:** Razor Capital Llc
**Previous Creditor:** GE Money Bank
**Original Account #:** ************8088

**PAYMENT ADDRESS**
P.O. Box 390846, Minneapolis, MN 55439

**NORTHLAND ACCOUNT NUMBER**
F93530143

**CURRENT BALANCE:**
$583.31

**Settlement: $274.14**

Megan Lachl (F93530143-05/28x221)
5015 Tierra Del Oro
Carlsbad, CA 92008-4351

## YOU HAVE OPTIONS!

To assist you in clearing this debt, we are offering you options; however, the options listed below are not your only options.

**Option 1 (3-pay settlement):** This option allows you to settle your account for $274.14 in 3 payments of $91.38 in order to clear this debt. We are not obligated to renew this offer. Your first payment is due on 6/18/2013. The payments can be no more than 30 days apart. For your convenience, payment coupons are attached at the bottom of this letter. Upon receipt and clearance of all three payments, a letter will be sent confirming the above referenced account has been resolved.

**Option 2 (Monthly payments on Balance):** If you are not in a position to take advantage of a settlement offer at this time, we are willing to accept monthly payments of $100 to be applied towards the balance on your account. We are not obligated to renew this offer. If you wish to take advantage of this option, please send your payments to the above address, and be sure to reference your Northland Account number on your payment. Upon receipt of your first payment, we will send you payment coupons for your future monthly payments. Once you are in a position to offer a settlement, please contact us.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.
This collection agency is licensed by the Minnesota Department of Commerce.

**Pay Online:** www.payments2northland.com

**Pay by Phone:** Please call Northland Group, Inc. toll-free at 866-699-2649 ext 3728. We offer check by phone, Western Union, and credit card.

**Pay by Mail:** Send payments to PO Box 390846, Minneapolis, MN 55439.

M221-221 P3042/0529_1

**1 of 3**
**Northland Account #: F93530143**
Client Code: RAZR
Original Account #: ************8088
Mail Payment to:
Northland Group, Inc.
P.O. Box 390846
Minneapolis, MN 55439
Or pay online at:
**payments2northland.com**
**PAYMENT AMOUNT: $91.38**
Due Date: 06/18/13

Detach coupon and mail with payment

**2 of 3**
**Northland Account #: F93530143**
Client Code: RAZR
Original Account #: ************8088
Mail Payment to:
Northland Group, Inc.
P.O. Box 390846
Minneapolis, MN 55439
Or pay online at:
**payments2northland.com**
**PAYMENT AMOUNT: $91.38**
Due Date: 30 days from 1st payment

Detach coupon and mail with payment

**3 of 3**
**Northland Account #: F93530143**
Client Code: RAZR
Original Account #: ************8088
Mail Payment to:
Northland Group, Inc.
P.O. Box 390846
Minneapolis, MN 55439
Or pay online at:
**payments2northland.com**
**PAYMENT AMOUNT: $91.38**
Due Date: 30 days from 2nd payment

Detach coupon and mail with payment



P.O. Box 390846
Minneapolis, MN 55439
Mail Code RZ22

866-699-2649 ext 3728
For Hours of Operation, please visit us at:
www.payments2northland.com

February 21, 2013

ACCOUNT INFORMATION

Account Owner: Razor Capital, Llc
Previous Creditor: GE Money Bank
Original Account #: ************8088

Megan Lachi (F93530143-02/21x3ARA2)
5015 Tierra Del Oro
Carlsbad, CA 92008-4351

NORTHLAND ACCOUNT NUMBER

F93530143

Your past due account balance: $554.71
Your settlement offer: $260.70

Dear Megan Lachi,

The above referenced Razor Capital, Llc account has been assigned to Northland Group, Inc. for collection. As of the date of this letter, you owe $554.71. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 866-699-2649 ext 3728.

Razor Capital, Llc is willing to reduce your balance by offering you a settlement. We are not obligated to renew this offer. Upon receipt and clearance of $260.70, a letter will be sent confirming the above referenced account has been resolved. This offer does not affect your rights set forth below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Pay Online: www.payments2northland.com

Pay by Phone: Please call Northland Group, Inc. at 866-699-2649 ext 3728.
We offer check by phone, Western Union, and credit card.

Pay by Mail: Send payments to PO Box 390846, Minneapolis, MN 55439.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.
This collection agency is licensed by the Minnesota Department of Commerce.
NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

# EXHIBIT D

**GENAME:**______________________

# UNLAWFUL COMMUNICATIONS LOG

**DOCUMENT** all calls below after Doan Law Firm submit Cease and Desist order. Make detailed notes of all harassing communications after 10 day window between creditors= receipt of CD and any calls. Keep this log next to your phone. TRY TO SAVE ALL RECORDINGS AND MESSAGES!

$ We recommend that you set up an internet account with your cell provider in order to obtain telephone statements free and have access thereto

$ Answer all inbound calls so that they are listed on your telephone statements.

$ Answer as many calls as possible and give verbal notice to the caller that you are represented by Doan Law Firm and they need to stop contacting you.

$ Go online to donotcall.gov and sign up for the "Do Not Call" Registry.

| | Date of Call? (MM/DD/YY) | Time of Call? (00:00 AM) | How Many Minutes Did Call Last? (Approx.) | Was it an automated call? | Phone Call, Voice Mail, Message? SAVE MESSAGE! | Collector=s Name? | Collector's Telephone Number? | What Did Collector Say? Amount Demanded? Payment Terms? Threats? Profanity? Harassment? Legal Action? Calls to Friends or Neighbors? Abuse? Calls at work or contact with your employer? (Use as many lines or pages as needed) |
|---|---|---|---|---|---|---|---|---|
| 1 | 3/21/11 | | 0 | Y | vm | GE TEXACO | 8885541388 | GE/Gave website/phone # "regarding your business" |
| 2 | 3/22/11 | | | Y | vm | GE Texaco | 8885541388 | GE/Gave website/phone # "regarding your business" |
| 3 | 3/22/11 | | | Y | | | 8885541388 | |
| 4 | 3/22/11 | | | Y | | | 8885541388 | |
| 5 | 3/22 | | | Y | | | 6785182252 | |
| 6 | 3/22/11 | | | Y | | | 6785182252 | |
| 7 | 3/23/11 | | | Y | | | 6785182252 | |
| 8 | 3/23/11 | | | Y | | | 6785182252 | |
| 9 | 3/24/11 | | | Y | | | 6785182252 | |

| Date of Call? (MM/DD/YY) | Time of Call? (00:00 AM) | How Many Minutes Did Call Last? (Approx.) | Was it an automated call? | Phone Call, Voice Mail, Message? SAVE MESSAGE ! | Collector=s Name? | Collector's Telephone Number? | What Did Collector Say? Amount Demanded? Payment Terms? Threats? Profanity? Harassment? Legal Action? Calls to Friends or Neighbors? Abuse? Calls at work or contact with your employer? (Use as many lines or pages as needed) |
|---|---|---|---|---|---|---|---|
| 10 3/24/06 | [illegible] | 4sec. | Y | | | 678518 2252 | |
| 11 3/24 | | 0 | | | | 678518 2252 | |
| 12 3/24 | | 8sec. | | | | | |
| 13 3/25/11 | | .24sec | | | | | |
| 14 3/25/11 | | 0 | | | | | |
| 15 3/25/11 | | 0 | | | | | |
| 16 3/25/11 | | 0 | | | | | |
| 17 3/26/11 | | 0 | | | | | |
| 18 3/26/11 | | 0 | | | | | |
| 19 3/26/11 | | 0 | | | | | |
| 20 3/27/11 | 9:02 | 0 | | | | | |
| 21 3/27/11 | 10:02 | 0 | | | | | |

# EXHIBIT E

**Jasmine Lewis**

**From:** Karen Spicker
**Sent:** Wednesday, March 23, 2011 4:13 PM
**To:** Michael G. Doan
**Cc:** Rachel Weitzman
**Subject:** RE: Your Chevron and Texaco Credit Card Account Serviced by GE Money

I believe we have received the certified mail receipt back from GEMB. I will confirm.

---

**From:** Michael G. Doan
**Sent:** Wednesday, March 23, 2011 4:09 PM
**To:** Karen Spicker
**Subject:** Fw: Your Chevron and Texaco Credit Card Account Serviced by GE Money

Sent from Michael Doan's Blackberry Device to avoid delay.

---

**From:** sftychk68@hotmail.com [mailto:sftychk68@hotmail.com]
**Sent:** Wednesday, March 23, 2011 04:07 PM
**To:** Michael G. Doan
**Subject:** Fw: Your Chevron and Texaco Credit Card Account Serviced by GE Money

*Connected by DROID on Verizon Wireless*

-----Original message-----
**From:** GE Money <gemoney@email.gemoney.com>
**To:** SFTYCHK68@HOTMAIL.COM
**Sent:** Wed, Mar 23, 2011 23:01:39 GMT+00:00
**Subject:** Your Chevron and Texaco Credit Card Account Serviced by GE Money

Account # xxxx-xxxx-xxxx-8088

Dear MEGAN A LACHI,

This message is regarding your Chevron and Texaco Credit Card account.

Please contact us toll-free at 888-554-1388. For your convenience, you can also view and service your account on the Web by visiting www.chevrontexacocards.com.

Please Note: This is not a solicitation.

Sincerely,

GE Money Bank

Please do not reply to this message. We are unable to respond to account inquiries sent in reply to this e-mail. To contact us by phone, please call the number above.

This e-mail was sent to you to provide important information about your account. You may receive customer service e-mails even if you have requested not to receive e-mail marketing offers from GE Money Bank, issuer of the Chevron and Texaco Credit Card Account

This e-mail was sent by GE Money Bank, issuer of the Chevron and Texaco Credit Card Account. GE Money Bank is located at 170 Election Drive, Suite 125, Draper, Utah 84020, USA.

For more information about the security of your information, please read the GE Money Bank Privacy Policy.

**Jasmine Lewis**

**From:** Karen Spicker
**Sent:** Wednesday, July 24, 2013 1:02 PM
**To:** Jasmine Lewis
**Subject:** FW: Your Chevron and Texaco Credit Card Statement from GE Money is Available Online

**Karen S. Spicker**
**Attorney at Law**
**Doan Law Firm, LLP**
2850 Pio Pico Drive, Ste. D
Carlsbad, CA 92008
(760) 450-3333 ex. 228
(760) 720-6082 fax
karen@DoanLaw.com
Web: www.doanlaw.com

Confidentiality Notice: This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at the email address or Doan Law Firm, LLP at 760-450-3333 and delete this email from your computer. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

---

**From:** megan mack-lachi [mailto:sftychk68@hotmail.com]
**Sent:** Wednesday, April 13, 2011 9:17 PM
**To:** Rachel Weitzman; Karen Spicker; Michael G. Doan
**Subject:** FW: Your Chevron and Texaco Credit Card Statement from GE Money is Available Online

save??

---

Date: Wed, 13 Apr 2011 17:44:50 -0700
From: statements@email.gemoney.com
Subject: Your Chevron and Texaco Credit Card Statement from GE Money is Available Online
To: SFTYCHK68@HOTMAIL.COM

Account Services

---

| **E-mail Security Zone:** MEGAN A LACHI<br>**For your account ending:** 8088 |
|---|

Dear MEGAN A LACHI:

Your Chevron and Texaco Credit Card online statement is now ready for viewing. Login today to view your statement online.

| | |
|---|---|
| **Due Date:** | 05/05/2011 |
| **Minimum Payment Due:** | $ 80.00 |
| **Statement Balance:** | $ 320.25 |

View statement          Make a payment

Sincerely,

Chevron and Texaco Credit Card Services

Protect your identity, never respond to this or any email with personal information such as your account number or password. When accessing your account online, if you do not recognize your Personalized Image DO NOT enter your password.

**Note:** This email was sent to you by GE Money Bank, the issuer of your Chevron and Texaco Credit Card account. You may receive account servicing emails even if you have requested not to receive marketing offers by email for your Chevron and Texaco Credit Card Account. GE Money Bank is located at 170 West Election Drive, Suite 125, Draper, Utah, 84020,USA.

This is an unmonitored email box. Please do not reply to this email.
Head off identity theft before it happens. For more information about identity theft, please visit the Federal Trade Commission's (FTC) consumer website at www.ftc.gov/idtheft/.

**Privacy:** We respect your privacy. Click here to read our Privacy Policy.

# EXHIBIT F

# CACH, LLC

December 14, 2012

Megan Ann Lachi
2850 Pio Pico Dr
# D
Carlasbad, CA 92008

Re: Written Dispute Letter Postmarked: November 23, 2012
120016243531 2nd Response

Dear Megan Ann Lachi:

We are in receipt of your written dispute referenced above. CACH, LLC is a purchaser of charged off receivables. CACH, LLC does not engage in any direct collection activity. Accounts are placed for collection with third party law firms and collection agencies. Our investigation into your dispute reveals the following information.

___We cannot investigate your dispute because you did not provide the following information:

____original account number
____current account number
____address
____full name
____documentation supporting dispute
____written documentation that account was paid prior
____fraud affidavit or police report
____ <Other>

Upon receipt of the information requested above we will conduct an investigation into your concerns.

_X_ Your dispute is substantially the same as a dispute previously submitted to us, either directly or through a consumer reporting agency and the account is marked as being in dispute. The disputed status of the account is being reported to the consumer reporting agencies to which we report. If you have new or additional information not previously submitted to us, either directly or through a consumer reporting agency, please, provide that information to us and we will conduct an investigation into your concerns.

Sincerely,

Customer Service

This letter is sent pursuant to the requirements of 16 C.F.R. 660.4 (f)
This is not an attempt to collect a debt.

4340 S Monaco St. 2nd Fl., Denver, CO 80237 • (800) 478-5541 • Fax: (303) 713-2509

*2/10/2013*
*CHEVRON*
*POB 5010*
*CONCORD, CA 94524*

*Re.: Settlement Deadline*

*To whom it may concern,*
*Forty Five days ago I sent you a letter via mail. In my letter I pointed out to you what was wrong and I provided you with credit report and circled each dispute on the credit report clearly showing what was wrong. In fact I provided you with all three credit reports and as I said in the first letter, it appears that each credit bureau is reporting different information. It has now been over forty five days and I have yet to hear from you and you have failed to respond with sufficient evidence that this alleged debt is mine or whether or not you even did an investigation as required by (FACTA §312(c), FCRA §623(a)(8))! Please be advised that your failure to respond to do a reasonable investigation and failure to provide notice of my dispute to the credit bureaus is in violation of (FACTA §312(c), FCRA §623(a)(8))*

***Excerpt from the Cass (12-23-97) FTC Opinion letter athttp://www.ftc.gov/os/statutes/fdcpa/letters/cass.htm***

*"Of course, if a dispute is received after a debt has been reported to a consumer reporting agency, the debt collector is obligated by **Section 1692e(8)** to inform the consumer reporting agency of the dispute and remove until investigation is completed."*

*You also violated the FCRA § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]*

***"(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer."***

*You have also violated (FACTA §312(c) by not conducting an reasonable investigation.*

*I am hereby offering to settle your FCRA and FACTA violations prior to legal action with the following terms:*

*1) You delete this account from all my credit reports and fax evidence of your bureau notifications*
*2) You not to sell it to any other collectors.*

*CHEVRON 70615910XXXX Can you please remove charged off wording and stop reporting inaccurate information? (TransUnion)*
*CHEVRON 70615910XXXX Can you please remove charged off wording and stop reporting inaccurate information? (Experian)*
*CHEVRON 70615910XXXX Can you please remove charged off wording and stop reporting inaccurate information? (Equifax)*
*CHEVRON 70615910XXXX Why would you report I was 90 days late on this account when my records show it was paid as agreed? (Experian)*
*CHEVRON 70615910XXXX Why would you report I was 90 days late on this account when my records show it was paid as agreed? (Equifax)*
*CHEVRON 70615910XXXX Why would you report I was 120 days late on this account when my records show it was paid as agreed? (Experian)*
*CHEVRON 70615910XXXX Why would you report I was 120 days late on this account when my records show it was paid as agreed? (Equifax)*
*CHEVRON 70615910XXXX Why would you report I was 60 days late on this account when my records*

*show it was paid as agreed? (Experian)*
*CHEVRON 70615910XXXX Why would you report I was 60 days late on this account when my records show it was paid as agreed? (Equifax)*
*CHEVRON 70615910XXXX Why would you report I was 30 days late on this account when my records show it was paid as agreed? (Experian)*
*CHEVRON 70615910XXXX Why would you report I was 30 days late on this account when my records show it was paid as agreed? (Equifax)*

***IF I DO NOT HEAR FROM YOU AND YOU DO NOT DELETE THE ABVOVE ACCOUNTS FROM MY CREDIT REPORT I WILL FOLLOW UP WITH LITIGATION IN SMALL CLAIMS COURT AND I WILL BRONG ALL OF THE DOCUMENTATION I HAVE SENT YOU, AS WELL AS ALL OF THE CASE LAW I HAVE FOUND ONLINE AT WWW.NCLC.ORG***

*Sincerely,*

*Megan Ann Lachi*
*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*
*2850 Pio Pico Dr., #D*
*Carlsbad, California 92008*

Doan Law Firm, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008

042J80098358
neopost
$0.46
03/13/13
Mailed From 92008
US POSTAGE

Gecrb/Chevron
PO Box 965015
Orlando, FL 32896

January 12, 2012

**VIA CERTIFIED MAIL WITH RETURN RECEIPT REQUESTED**

Experian
PO Box 9701
Allen, TX 75013

RE: Client: Megan A. Lachi
Social Sec. Number: xxx-xx-3358
Account Numbers: GECRB/CARE: 601918301816
GECRB/CHEVRON: 706159103449

To Whom It May Concern;

Please be advised that we have been retained by Ms. Megan Lachi with regards to the above referenced accounts. This is the **first** attempt to dispute these accounts. Please find attached his Credit Dispute form, detailing each account being erroneously reported, which is reflecting negatively on my client's credit score. These accounts should be **updated to reflect as "disputed."**

Accordingly, we look forward to your prompt response and corrections thereto in the next thirty (30) days.

DOAN LAW FIRM, LLP

Karen S. Spicker

Karen S. Spicker, Esq.
Attorney for Megan Lachi

CC: GECRB/Care
PO Box 276
Mail Code OH3
Dayton, OH 45401

CC: GECRB/CHEVRON
PO Box 981439
El Paso, TX 79998



January 12, 2012

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Equifax
P.O Box 740256
Atlanta, GA 30374

RE:     Client: Megan A. Lachi
        Social Sec. Number: xxx-xx-3358
        Account Numbers:    GECRB/CARE: 601918301816
                            GECRB/CHEVRON: 706159103449



To Whom It May Concern;

Please be advised that we have been retained by Ms. Megan Lachi with regards to the above referenced accounts. This is the **first** attempt to dispute these accounts. Please find attached his Credit Dispute form, detailing each account being erroneously reported, which is reflecting negatively on my client's credit score. These accounts should be **updated to reflect as "disputed."**

Accordingly, we look forward to your prompt response and corrections thereto in the next thirty (30) days.

DOAN LAW FIRM, LLP

Karen S. Spicker, Esq.
Attorney for Megan Lachi

CC: GECRB/Care
PO Box 276
Mail Code OH3
Dayton, OH 45401



DOAN LAW FIRM LLP
CALIFORNIA'S LARGEST FAMILY OF ATTORNEYS

GREGORY J. DOAN | MICHAEL G. DOAN | JAMES P. DOAN | SHAWN A. DOAN | STEPHEN N. DOAN | JONATHAN D. DOAN

CC: GECRB/CHEVRON
PO Box 981439
El Paso, TX 79998

2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008 | Tel 760.450.3333 | Fax 760.720.6082 | www.doanlaw.com





DOAN LAW FIRM LLP
CALIFORNIA'S LARGEST FAMILY OF ATTORNEYS

GREGORY J. DOAN | MICHAEL G. DOAN | JAMES P. DOAN | SHAWN A. DOAN | STEPHEN N. DOAN | JONATHAN D. DOAN

CC: GECRB/CHEVRON
PO Box 981439
El Paso, TX 79998

2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008 | Tel 760.450.3333 | Fax 760.720.6082 | www.doanlaw.com





DOAN LAW FIRM LLP
CALIFORNIA'S LARGEST FAMILY OF ATTORNEYS
GREGORY J. DOAN | MICHAEL G. DOAN | JAMES P. DOAN | SHAWN A. DOAN | STEPHEN N. DOAN | JONATHAN D. DOAN

**Contact Information**

**Name:** Megan Ann Lachi **Birth date:** March 14, 1968
**Address:** 6303 Lake Como Ave
**City:** San Diego **State:** CA **Zip Code:** 92119
**Social Security #:** xxx-xx-3358

**Dispute Information**

**Items in dispute:** Nine (9)

**First Dispute**
**Creditor:** GECRB/CARE **Account Number:** 601918301816
**Reason for Account Dispute:** This account is being reported twice (see attached). These are not my accounts. I do not owe any money on this account. I have not incurred any charges thereunder. These accounts should be reported as "disputed."

**Second Dispute**
**Creditor:** GECRB/CHEVRON **Account Number:** 706159103449
**Reason for Account Dispute:** This account is being reported twice (see attached). These are not my accounts. I do not owe any money on this account. I have not incurred any charges thereunder. These accounts should be reported as "disputed."





DOAN LAW FIRM LLP

**Endorsement and dating**

Signature ____________________

Date: 1/12/12

2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008 | Tel 760.450.3333 | Fax 760.720.6082 | www.doanlaw.com

# CT Packing Slip

CT Corporation

**FedEx Tracking # :** 796763236749

**Created By :** Josyl Capreso

**Created On :** 09/24/2013 10:57 PM

**Recipient :**

**Nancy Lundeen**

Title : –

Customer : Northland Group Inc.

Address : 7831 Glenroy Road

Email : nlundeen@northlandgroup.com

Phone : 952-820-9510 Fax : 952-831-7356

**Package Type :** Envelope

**Items shipped :** 2

| Log # | Case # | Entity Name |
|---|---|---|
| 523558602 | 1332073 | Northland Group Inc. |
| 523562258 | 37201300066961CUMCNC | Northland Group Inc. |



xpress

From: (214) 932-3601
Beatrice Casarez-Barrientez
CT - Dallas SOP Team
350 North St Paul Street
Suite 2900
Dallas, TX 75201

Origin ID: RBDA

Ship Date: 24SEP13
ActWgt: 1.0 LB
CAD: 104579860/WSXI2600

SHIP TO: (952) 820-9510

BILL SENDER

Nancy Lundeen
Northland Group Inc.
7831 Glenroy Road
Suite 350-
Edina, MN 55439

Delivery Address Bar Code

Ref # SOP/1403403/523562258/Beatrice Casa

FRI - 27 SEP AA
** 2DAY **

67 6323 6749

SYNA

55439
MN-US MSP

Urgent

nly
the container and
nd conditions and
cable FedEx
nt FedEx Service
ss services,

Insert shipping document here.