Issa K. Moe, Bar No. 254998
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 877-5399/FAX (612) 877-5016
MoeI@moss-barnett.com

Attorneys for Defendant
ENCORE RECEIVABLE
MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN LACHI,<br><br>       Plaintiff,<br><br>v.<br><br>GE CAPITAL BANK, *et al.*,<br><br>       Defendants. | Case No.: 3:13-cv-02568-GPC-WMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ENCORE RECEIVABLE MANAGEMENT, INC. TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:      January 31, 2014<br>Time:      1:30 P.M.<br>Courtroom: 2D<br>Judge:     Hon. Gonzalo P. Curiel |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Encore Receivable Management Inc. ("Encore"), a defendant in the above-captioned action, hereby moves to dismiss the claims asserted against it by the plaintiff, Megan Lachi ("Plaintiff"), for her failure to state a claim against Encore upon which relief can be granted.

**I.      INTRODUCTION**

Plaintiff filed this lawsuit against four separate defendants, GE Capital Bank, Northland Group, Inc., Cach, LLC, and Encore (collectively, "Defendants") asserting theories of recovery for violations of various provisions of California's Rosenthal Fair Debt Collection Practices Act (the "RFDCPA") and the Telephone

- 1 -

Consumer Protection Act (the "TCPA"). Each of Plaintiff's claims apparently arises out of the Defendants' collection efforts directed towards Plaintiff. As an initial matter, Plaintiff lacks standing to assert her RFDCPA claims that arise out of protections afforded only to consumers, whom she is not. Further, while Plaintiff almost exclusively complains generally of the actions of "Defendants" without specifying *who* did *what*, the meager factual allegations related to Encore reveal that Plaintiff cannot maintain any of her claims against it. Indeed, each of her claims against Encore is lacking essential elements such that they cannot stand.

## II.     STANDARD OF REVIEW

A party may file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to challenge the sufficiency of the pleadings. *Ross v. U.S. Bank N.A.*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal. 2008). A motion to dismiss should be granted when, even if all of the allegations in the pleadings are taken as true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.* 896 F.2d 1542, 1550 (9th Cir. 1990).

A complaint need not include detailed factual allegations, but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555 n.3. Without factual allegations in the complaint, a claimant cannot "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*.

Rule 8 requires more than a "the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as

2412035v1

true, states a claim to relief that is "plausible on its face." *Id*. Facial plausibility exists if the complaint pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id*. And while plausibility does not equal "probability," plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. A complaint that pleads facts that are "'merely consistent with a' defendant's liability…'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

On a motion to dismiss, the court should only accept reasonable inferences arising from the pleadings. It should not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Further, the court should not accept the truth of legal conclusions merely because they are cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Nor should the court assume that a plaintiff can prove facts that were not alleged or that the defendants have violated laws in ways that have not been alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal State Council of Carpenters*, 459 U.S. 519, 526 (1983).

"Documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). In addition, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Id*. A court may also "consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id*.

///

///

### III. PLAINTIFF LACKS STANDING TO ASSERT HER RFDCPA CLAIMS ARISING OUT OF 15 U.S.C. § 1692c AGAINST ENCORE

Plaintiff's First and Second Causes of Action for Violations of the RFDCPA arise under Sections 1692c(a)(2) and 1692c(c) of the federal Fair Debt Collection Practices Act (the "FDCPA") which is expressly incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Section 1692c(a)(2) generally prohibits a debt collector from "communicat[ing] with *a consumer* in connection with the collection of any debt . . . if the debt collector knows *the consumer* is represented by an attorney with respect to such debt." 15 U.S.C. § 1692c(a)(2) (emphasis added). Section 1692c(c), on the other hand, provides that "[i]f *a consumer* notifies a debt collector in writing that *the consumer* refuses to pay a debt or that *the consumer* wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with *the consumer* with respect to such debt." 15 U.S.C. § 1692c(c) (emphasis added). Thus, both sections prohibit continued communications with *a consumer* in certain circumstances.

A "consumer" is defined by the FDCPA as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). For the purpose of § 1692c, the term "consumer" "includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d). Consistent with the statutory language of § 1692c, numerous courts have noted that only a "consumer" has standing to sue thereunder. *See Montgomery v. Huntington Bank,* 346 F.3d 693, 696–97 (6th Cir.2003) ("Only a "consumer" has standing to sue for violations under 15 U.S.C. § 1692c.") (internal quotation omitted); *Belin v. Litton Loan Servicing, LP*, 2006 WL 1992410, at *6 (M.D. Fla. July 14, 2006); *Mathis v. Omnium Worldwide,* 2006 WL 1582301, at *4 (D. Or. June 4, 2006); *Mantell v. Feingold & Levy,* No. 96 C 1869, 1997 WL 45313, at *3 (N.D. Ill. Jan.30, 1997).

Here, Plaintiff's Complaint alleges a single communication from *Encore* - a

- 4 -

2412035v1

November 22, 2010 letter addressed to Gustavo E. Lachi.[1] (Complaint, ¶ 42; Ex. C). Thus, Plaintiff lacks standing to bring a claim under § 1692c because: (1) she was not obligated or allegedly obligated to pay the debt for which Encore sought collection; and (2) she has not alleged that she is a consumer's spouse, parent, guardian, executor or administrator.

## IV. PLAINTIFF LACKS A FACTUAL BASIS FOR HER CLAIMS AGAINST ENCORE

Upon review of Plaintiff's Complaint, it is clear that Plaintiff has failed to allege more than naked assertions devoid of any factual enhancement. In fact, the only factual allegations related to the conduct of Encore show that Plaintiff has no claims against it. While Plaintiff attaches various written communications between her and the Defendants as well as an "Unlawful Communications Log" purportedly detailing telephone calls placed to her by Defendants, Plaintiff's factual allegations, *with respect to Encore*, set forth the following timeline:

- November 22, 2010: Encore sent a letter to Gustavo E. Lachi related to the collection of GE Money Bank/CARECREDIT account ending in 4566. (Complaint, ¶ 42; Ex. C).
- April 19, 2011: Doan Law Firm sent a letter to Encore that (1) notified Encore that Plaintiff had engaged the firm as legal counsel, (2) requested that Encore cease communication with respect to the GE Money Bank/CARECREDIT account ending in 4566, and (3) stated Plaintiff's dispute as to the debt and her refusal to pay the same.

---

[1] While Plaintiff complains generally of other communications from "Defendants," *none of them* were from Encore. It is obvious from the face of the written communications attached to the Complaint that they did not come from Encore. However, Plaintiff also attaches an "Unlawful Communications Log" to her Complaint which purportedly lists all calls placed by "Defendants" between March 16, 2011 and March 27, 2011. (Complaint, Ex. D). Notably, though, there are only two numbers listed on this Log and neither is identified by Plaintiff as belonging to Encore; indeed, neither phone number belongs to Encore.

(Complaint, ¶ 27; Ex. B).

While she complains generally of other communications from "Defendants", *none of them* were from Encore.

### A. Plaintiff Does Not Allege Continued Collection Activity By Encore Necessary To Support Her RFDCPA Claims.

Plaintiff's First through Fourth Causes of Action each arises out of the RFDCPA. Specifically, Plaintiff claims that Encore violated Cal. Civ. Code § 1788.17 (incorporating § 1692c(a)(2), § 1692c(c), and § 1692e(10) of the FDCPA) and § 1788.14(c). However, all of these claims are factually flawed on their face.

Both § 1692c(a)(2) of the FDCPA and § 1788.14(c) of the RFDCPA generally prohibit a debt collector from continuing to communicate with a consumer to collect a debt once the collector knows the consumer is represented by an attorney with respect to such debt. And, as stated above, Section 1692c(c) of the FDCPA prohibits a debt collector from continuing to communicate with a consumer if he or she indicates, in writing, that they refuse to pay the debt or requests that communications cease. Section 1692e(10) of the FDCPA proscribes the use of false misrepresentation or deceptive means in the collection of debts.

Again, Plaintiff alleges only two facts with respect to Encore - that Encore sent a letter to Gustavo E. Lachi in November 2010 with respect to a GE Money Bank/CARECREDIT account ending in 4566 and that, five months later, the Doan Law Firm notified Encore that Plaintiff had engaged legal counsel with regard to this account, refused to pay the debt, and requested that Encore cease communication on the account. (Complaint, ¶¶ 27, 42; Exs. B and C). Thus, Plaintiff's Complaint alleges only that Encore sought to collect a debt from Mr. Lachi (not Plaintiff) *prior to* any knowledge that Plaintiff had engaged an attorney with respect to this debt, refused to pay, or requested that communications cease. Plaintiff does not allege (nor could she) that any further collection activity occurred after Encore was so notified. Consequently, any assertion that Encore

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

violated the RFDCPA is contradicted by the Plaintiff's own factual allegations.

### B. Plaintiff Does Not Allege Any Calls From Encore That Violated the TCPA.

As Plaintiff's Fifth and Sixth Causes of Action, she alleges that all Defendants violated the TCPA, 47 U.S.C. § 227 *et seq.*, by using an automatic telephone dialing system to call Plaintiff's cellular phone or other service for which she is charged for incoming calls. (Complaint ¶¶ 122-143). As the sole factual support for her TCPA claims, Plaintiff relies upon the "Unlawful Communications Log" attached as Exhibit D to her Complaint. However, despite Plaintiff's assertion of her TCPA claims against all four Defendants, this Log shows that all calls were placed by only two (2) phone numbers. Plaintiff does not allege (nor can she) that either number listed on her "Unlawful Communications Log" belongs to Encore. As a result, her TCPA claims against Encore necessarily fail.

## V. CONCLUSION

Plaintiff's Complaint is comprised of legal conclusions that merely recite the provisions of the RFDCPA, the FDCPA (when incorporated into Plaintiff's RFDCPA claims), and the TCPA. It is utterly devoid of facts supporting the claims and, as a result, fails to plausibly suggest liability on the part of Encore as required by federal pleading standards and the cases interpreting the same. To the extent that Plaintiff actually asserts facts in support of her claims, those facts fall short of establishing any violation of federal or state law by Encore. As a result, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety as against Encore.

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
Minneapolis, Minnesota 55402

MOSS & BARNETT, P.A.

Dated: October 31, 2013         By:  **/s/ Issa K. Moe**
                                     ISSA K. MOE
                                     Attorneys for Defendant
                                     ENCORE RECEIVABLE
                                     MANAGEMENT, INC.

- 8 -

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
Case No.:  3:13-cv-02568-GPC-WMC

2412035v1