UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN LACHI,<br><br>    Plaintiff,<br>v.<br>GE CAPITAL BANK et al.,<br>    Defendants. | Case No. 3:13-cv-2568-GPC-WMC<br><br>**ORDER GRANTING DEFENDANT ENCORE RECEIVABLE MANAGEMENT, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**(ECF NO. 4)** |

## INTRODUCTION

Presently before the Court in this fair debt collection case is defendant Encore Receivable Management, Inc.'s ("Encore") Motion to Dismiss each of plaintiff Megan Lachi's ("Plaintiff") claims as asserted against Encore. (ECF No. 4.) Plaintiff has opposed Encore's Motion to Dismiss, (ECF No. 6), and Encore has filed a reply, (ECF No. 7). The Court finds Encore's Motion to Dismiss suitable for disposition without oral argument. See CivLR 7.1.d.1. Having considered the parties' submissions, the Court will **GRANT** Encore's Motion to Dismiss **WITH LEAVE TO AMEND**.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that "Defendants and each of them" claim Plaintiff owes them a debt and that, on November 9, 2010, Plaintiff retained the Doan Law Firm, LLP to dispute the validity of the alleged debt. (ECF No. 1, Compl. ¶¶ 20, 21.)

As to Encore, Plaintiff alleges Doan Law Firm sent "one (1) written 'Cease and Desist Order' by mail dated April 19, 2011." (Id. ¶ 27.) The "Cease and Desist Order" provided, among other things, that "Defendants Cease and Desist all further communications with Plaintiff with respect to the debt." (Id. ¶ 28.)

Plaintiff alleges "Defendants physically received and had actual knowledge of the Cease and Desist Orders" and therefore "knew they were now prohibited from contacting Plaintiff by all means." (Id. ¶¶ 29, 35.) Plaintiff claims Defendants had actual knowledge that Plaintiff was represented by counsel, refused to pay the debt, disputed the validity of the debt, and was preparing to file for bankruptcy relief. (Id. ¶¶ 30, 32, 33, 34.)

Thereafter, Plaintiff alleges that "Defendants intentionally, willfully, deliberately, and knowingly refused to abide by the laws of" California's Rosenthal Fair Debt Collection Act ("Rosenthal Act"), the federal Fair Debt Collection Act ("FDCPA"), and the federal Telephone Consumer Protection Act ("TCPA"). (Id. ¶ 41.)

More Specifically, Plaintiff claims "Defendants continued communications with Plaintiff, as further evidenced by the copies of letters sent to Plaintiff," which are attached to Plaintiff's Complaint as Exhibit C. (Id. ¶ 42.) Notably, the only letter from Encore that is included in Exhibit C is dated November 22, 2010—i.e., approximately five months before the Doan Law Firm allegedly sent Encore a "Cease and Desist Order." (See ECF No. 1-1 at 49; Compl. ¶ 27.)

Plaintiff further claims "Defendants continued to make at least twenty-five (25), probably more, unlawful calls to Plaintiff from March 16, 2011 through March 27, 2011. Plaintiff details the alleged calls in a log attached as Exhibit D to her Complaint. Encore is not listed anywhere on the log. (See ECF No. 1-1 at 53-54.) And again, these alleged calls were made before the Doan Law Firm allegedly sent Encore a "Cease and Desist Order." (See id.; Compl. ¶ 27.)

Plaintiff further alleges "Defendants sent two (2) emails to Plaintiff on March 23, 2011 and April 13, 2011," which emails are attached as Exhibit E to Plaintiff's

Complaint. None of the emails are from Encore. (See ECF No. 1-1 at 56-59.) Moreover, the March 23, 2011 email was sent prior to the Doan Law Firm allegedly sending Encore a "Cease and Desist Order." (See id.; Compl. ¶ 27.)

Plaintiff alleges she "had a consumer credit card account that had originated with, was assigned to, and/or was serviced by Defendants." (Compl. ¶ 58.) Plaintiff denies, however, "ever providing her cell phone and/or residential telephone number to Defendants with the express consent to be called by an 'automatic telephone dialing system' or 'artificial or prerecorded voice," or any other method." (Id. ¶ 60.)

Based on the foregoing, Plaintiff asserts six causes of action for: (1) violation of the Rosenthal Act, California Civil Code § 1788.17, through violation of the FDCPA, 15 U.S.C. § 1692c(a)(2); (2) violation of the Rosenthal Act, California Civil Code § 1788.17, through violation of the FDCPA, 15 U.S.C. § 1692c(c); (3) violation of the Rosenthal Act, California Civil Code § 1788.17, through violation of the FDCPA, 15 U.S.C. § 1692e(10); (4) violation of the Rosenthal Act, California Civil Code § 1788.14(c); (5) negligent violations of the TCPA, 47 U.S.C. § 227 et seq.; (6) knowing and/or willful violations of the TCPA, 47 U.S.C. § 227 et seq. Plaintiff asserts all six causes of action against each of the Defendants. Encore now moves to dismiss all six causes of action as asserted against Encore.

## DISCUSSION

Encore argues Plaintiff's claims against it should be dismissed because (1) Plaintiff lacks standing as a "consumer" under the Rosenthal Act, and (2) Plaintiff fails to differentiate in her claims against all "Defendants" which of her allegations relate to Encore.

**I.   Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where a plaintiff presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson v. Dean Witter

Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).

**II.  Analysis**

   **A.  "Consumer" Standing**

The Rosenthal Act expressly incorporates most provisions of the FDCPA.  See Cal. Civ. Code § 1788.17.  As such, a violation of the FDCPA may result in cumulative liability under both the FDCPA and the Rosenthal Act.  See Gonzalez v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1068 (9th Cir. 2011).  Indeed, Plaintiff's first, second, and third causes of action are asserted under this approach—i.e., violation of California Civil Code § 1788.17 through violation of 15 U.S.C. §§ 1692c(a)(2), 1692c(c), and 1692(e)(10).

Under § 1692c(a)(2), a debt collector generally "may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt."  (Emphasis added.)  Similarly, under § 1692c(c), a debt collector generally must not "communicate further with [a] consumer" if the "consumer notifies [the] debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer with respect to such debt."  (Emphasis added.)

Under the FDCPA, "[t]he term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). And, for purposes of § 1692(c), "the term 'consumer' includes the consumer's spouse, parent . . ., guardian, executor, or administrator." 15 U.S.C. § 1692c(d).

Encore argues Plaintiff has no standing to assert her first and second causes of action against Encore because she has failed to allege she was obligated or allegedly obligated to pay a debt for which Encore sought collection and because she has not alleged that she is a consumer's spouse, parent, guardian, executor, or administrator. (ECF No. 4-1 at 4-5.)

In response, Plaintiff argues she has sufficiently alleged she is a consumer under 15 U.S.C. § 1692a(3), in that she "alleges she incurred a debt with Defendants." (ECF No. 6 at 7 (citing Compl. ¶ 20).) Plaintiff then provides additional facts not alleged in her Complaint, to wit, that she was living at the address where the Encore letter, (Compl., Ex. C), was sent and that, if permitted, she would amend her Complaint to allege she is the former wife of the Encore letter's addressee, "Gustavo E. Lachi." (ECF No. 6 at 7.)

In reply, Encore asserts that paragraph 20 of Plaintiff's Complaint does not–as Plaintiff asserts–allege "she incurred a debt with Defendants." (ECF No. 7 at 2.) But that, instead, paragraph 20 merely reads: "Defendants allege that Plaintiff incurred a 'debt.'" (Id.) Encore asserts that the letter addressed to Gustavo Lachi neither identifies Plaintiff nor asserts that Plaintiff owes a debt. (Id.) Encore further raises doubts as to Plaintiff's ability to allege she is a "consumer" under § 1692c(d)'s "spouse" provision, given Plaintiff's apparent divorce from Gustavo Lachi. (Id. at 2-3.)

The Court agrees with Encore that Plaintiff has not sufficiently alleged she is a consumer for purposes of asserting her first and second causes of action against Encore. While Plaintiff claims generally, in paragraph 20 of her Complaint, that "Defendants allege that Plaintiff incurred a 'debt,'" Plaintiff does not plausibly allege that she is "obligated or allegedly obligated to pay a debt" to Encore. See 15 U.S.C.

§ 1692a(3). This is because the only communication from Encore described in Plaintiff's Complaint (i.e., the Encore letter) is addressed to Gustavo Lachi and does not mention Plaintiff. In other words, Plaintiff's general allegation that "Defendants allege that Plaintiff incurred a 'debt'" is conclusory. Further, Plaintiff concedes she failed to allege she is a "consumer" under § 1692c(d) because she has not alleged she was Gustavo Lachi's spouse at the time she received the Encore letter. Accordingly, the Court will grant Encore's Motion to Dismiss as to Plaintiff's first and second causes of action as asserted against Encore.

### B. Sufficiency of Allegations

Encore argues "the only factual allegations related to the conduct of Encore show that Plaintiff has no claim against it." (ECF No. 4-1 at 5.)

As to Plaintiff's Rosenthal Act claims, Encore asserts that Plaintiff "alleges only that Encore sought to collect a debt from Mr. Lachi (not Plaintiff) prior to any knowledge that Plaintiff had engaged an attorney with respect to this debt, refused to pay, or requested that communications cease." (Id. at 6.) Encore contends that "Plaintiff does not alleged (nor could she) that any further collection activity occurred after Encore was so notified." As such, Encore contends Plaintiff's first through fourth claims should be dismissed as asserted against Encore.

As to Plaintiff's TCPA claims, Encore asserts Plaintiff's sole support is the "Unlawful Communications Log," which is attached as Exhibit D to her Complaint, and which does not mention Encore. (Id. at 7.) Encore thus argues Plaintiff's fourth and fifth causes of action should also be dismissed as asserted against Encore. (Id.)

In opposition, Plaintiff asserts that, "[w]hile [she] did not allege which calls were made by which entity, she alleges that each individual Defendant, in whole or part, was responsible for the wrongful conduct." (ECF No. 6 at 8 (citing Compl. ¶ 1).) Plaintiff contends she "is not required to set forth [Encore]'s precise role but only satisfy the pleading requirements . . . by providing fair notice of the nature of the claims." (Id.) Plaintiff argues she "has more than satisfied this requirement by alleging all

1 | Defendants, including Encore, participated in illegal debt collection activities when
2 | they placed at least 25 calls to her." (Id.)
3 |   The Court agrees with Encore that Plaintiff has not plausibly alleged that Encore
4 | communicated with Plaintiff knowing Plaintiff was represented by an attorney, refused
5 | to pay a debt, or wanted Encore to cease communication with Plaintiff.  Neither has
6 | Plaintiff plausibly alleged that Encore used false representations or deceptive means
7 | in attempting to collect a debt.  The only alleged contact specifically from Encore (i.e.,
8 | the Encore letter) occurred approximately five months before Plaintiff's counsel
9 | allegedly sent Encore a "Cease and Desist Order." (See Compl., Ex. C; Compl. ¶ 27.)
10 | While Plaintiff asserts "Defendants" made several calls and sent two emails, nowhere
11 | does Plaintiff allege any fact making it plausible that Encore made any of those calls
12 | or sent either email.  Thus, Plaintiff has failed to state any claim against Encore. See
13 | Tapang v. Wells Fargo Bank, NA, 2012 WL 3778965, at *5 (N.D. Cal. Aug. 30, 2012)
14 | (dismissing FDCPA claim in part because plaintiff did not identify which of the
15 | defendants performed the alleged unlawful activities); Penney v. Wells Fargo Bank,
16 | NA, 2012 WL 1071705, at *14 (C.D. Cal. June 8, 2012) (dismissing UCL claim where
17 | plaintiff's indiscriminate use of "Defendants" without specifying which defendant
18 | committed each alleged unlawful practice failed to satisfy Rule 8); cf. Messina v.
19 | Mazzeo, 854 F. Supp. 116, 126 (E.D.N.Y. 1994) (finding plaintiff's police brutality
20 | allegations against seven individual officers sufficient even though plaintiff did not
21 | differentiate between conduct of officers because allegations related to single event and
22 | would be unreasonable for plaintiff to differentiate between conduct of individual
23 | officers in such a situation).
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

### C. Leave to Amend

The Court finds Plaintiff may be able to cure the above deficiencies by amending her Complaint. DeSoto, 957 F.2d at 658. The Court will therefore grant Plaintiff leave to amend.

### CONCLUSION & ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Encore's Motion to Dismiss, (ECF No. 4), is **GRANTED**;
2. Plaintiffs first through sixth causes of action, as asserted against Encore, are **DISMISSED WITH LEAVE TO AMEND**;
3. If Plaintiff wishes to file an amended complaint, Plaintiff shall do so on or before **February 10, 2014**;
4. The hearing on Encore's Motion to Dismiss, currently set for January 31, 2014, is **VACATED**.

DATED: January 28, 2014

HON. GONZALO P. CURIEL
United States District Judge